U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JUN 3 0 2005
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDDIE D. WALLACE | DOCKET NO. 1:05 CV 0879 |
| VS. | SECTION P |
| VICTOR JONES | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights action filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, **EDDIE D. WALLACE,** ("Plaintiff"). Plaintiff is in custody at Natchitoches Parish Detention Center in Natchitoches, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on June 3, 2005. [Rec. Doc. 4].

The instant action was referred to the undersigned Magistrate Judge for review, report and recommendation in accordance with 28 U.S.C.§ 636 and a standing order of this Court.

### STATEMENT OF CLAIM

Plaintiff claims staff at his institution violate his equal protection rights by overlooking Plaintiff for job placements. Allegedly, this makes Plaintiff not eligible for work release programs. Plaintiff's allegations are interpreted by the court to be a challenge under the equal protection clause. Plaintiff seeks relief in the form of equal treatment for all D.O.C. inmates. [Rec. Doc. 1, p.4].

### SCREENING

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support

of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**ANALYSIS**

**EQUAL PROTECTION**

The Equal Protection Clause requires that "all persons

3

similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); See also Timm v. Gunter, 917 F.2d 1093, 1103 (8th Cir.1990). The Equal Protection Clause is violated only by intentional discrimination. "Discriminatory purpose ... implies more than intent as violation or as awareness of consequences[.] It implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group[.]" Lavernia v. Lynaugh, 845 F.2d 493, 496 (5th Cir.1988) (internal quotations, citations, and footnote omitted).

In order to present a prima facie case of discrimination under the Equal Protection Clause of the Fourteenth Amendment the plaintiff must prove 1) state action, 2) that he is a member of a protected class, and 3) discriminatory intent. See Washington v. Davis 426 U.S. 229, 239 (1976). A claimant who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).

In the prison context, equal protection claims are judged by

4

the reasonableness standard. See <u>Walker v. Gomez</u> 370 F.3d 969, 974. This standard requires the court to determine "whether the actions of the prison officials are 'reasonably related to legitimate penological interests.'" Id. at 974. In <u>Gomez</u>, the Court looked at whether defendants rules preventing inmates of particular races from returning to their prison job after a prison lockdown was a violation of equal protection. The defendants in <u>Gomez</u> admitted that they used race as a factor in excluding black prisoners from the critical workers list.

Plaintiff's allegations fail to satisfy the three prong test established in <u>Washington</u>. First, there is no state action. Plaintiff does not allege a prison rule, policy, law, or statute. He simply alleges that one particular defendant chooses prisoners for job assignments based on his own judgement. Second, Plaintiff is not a member of a protected class. Prisoners are not a "protected class" for equal protection purposes. See <u>Hampton v. Hobbs</u>, 106 F.3d 1281, 1286 (6th Cir.1997). Third, Plaintiff has failed to allege a discriminatory intent against the defendant. Without intentional discrimination of a protected class (ie race), Plaintiff's claims fail. Lastly, even if Plaintiff had met his burden on the three prong test, there is a valid penological reason for defendant's choice in selecting prisoners for the work release program: reducing drugs entering the prison environment. [Rec. Doc. 1, p. 5] Therefore, Plaintiff's claims should be dismissed as

frivolous pursuant to 28 U.S.C. §§1915(e)(B)(i).

**DUE PROCESS**

To the extent Plaintiff may be making a due process claim, this claim fails. In order to state a Constitutional claim for either a substantive or procedural due process violation, the plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir. 2000); *accord* Sandin v. Conner, 515 U.S. 472, 481-83, 132 L.Ed.2d 418, 115 S.Ct 2293 (1995)(liberty interest); Bryan v. City of Madison, 213 F.3d 267, 274 (5th Cir. 2000), cert. denied, 148 L.Ed. 2d 957, 121 S.Ct. 1081 (2001)(property interest). "While no State may deprive any person of life, liberty or property, without due process of law, it is well-settled that only a limited range of interests fall within this provision. Liberty interests protected by the Fourteenth Amendment may arise from two sources- the Due Process Clause itself and the laws of the States." Hewitt v.Helms, 459 U.S. 460, 466, 74 L.Ed.2d 675, 103 S.Ct. 864 (1983)(quotation and citation omitted). Additionally, the due process clause of the Fourteenth Amendment is not implicated because an inmate does not a have a protected property or liberty interest in his in prison job assignment. Meachum v. Fano, Moody v. Baker. 857 F.2d 256, 257-58 (5th Cir.1988). Additionally, the revocation of a prison job does not

first require that certain procedures be imposed to ensure due process is satisfied.

Plaintiff clearly cannot state a claim for the violation of due process. He does not have a protected liberty interest in obtaining a prison job assignment. This claim should be dismissed as frivolous.

**Accordingly,**

**IT IS RECOMMENDED** that Plaintiff's claim be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§1915(e)(B)(i)(ii).

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days**

7

following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the district judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[1]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this ___ day of _____, 200_.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).